UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK COLIN JENNINGS, II, # 711938, | ) ) ) |
| Plaintiff, | ) Case No. 1:16-cv-921 ) |
| v. | ) Honorable Robert J. Jonker ) |
| ROBERT CROMPTON, et al., | ) **REPORT AND RECOMMENDATION** ) |
| Defendants. | ) ) |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The defendants are Doctor Robert Crompton and Corrections Officers Travis Hall and Joshua Stone. Plaintiff alleges that he suffers from a number of physical impairments. He alleges that Dr. Crompton violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause on March 18, April 7, July 8, 9, and 11, 2016, by denying him medical treatment. (ECF No. 1, PageID.9). Plaintiff alleges that on July 8, 2016, defendants Hall and Stone used excessive force against him in violation of his Eighth Amendment rights and retaliated against him in violation of his First Amendment rights. (*Id.*). Plaintiff sues defendants in their individual and official capacities. He seeks injunctive relief and damages.[1] (*Id.* at PageID.8, 10).

---

[1] All other claims have been dismissed. (ECF No. 7, 8).

The matter is now before me on a motion for summary judgment by defendants Hall and Stone based on the affirmative defense provided by 42 U.S.C. § 1997e(a) (ECF No. 41), plaintiff's "motion" for summary judgment[2] (ECF No. 48), and plaintiff's most recent motion for a temporary restraining order (TRO) and preliminary injunctions (ECF No. 47).  For the reasons set forth herein, I recommend that plaintiff's motion for a TRO and preliminary injunctions be denied.  I recommend that all plaintiff's claims for damages against defendants Hall and Stone in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity.  I recommend that the motion for summary judgment by defendants Hall and Stone based on the affirmative defense provided by affirmative defense provided by 42 U.S.C. § 1997e(a) be granted and that all plaintiff's remaining claims against those defendants be dismissed without prejudice.

## I.     Plaintiff's Motion for a TRO and Preliminary Injunction

On November 18, 2016, the Court entered an order denying plaintiff's first motion for a TRO and preliminary injunction. (ECF No. 8).  The Court summarized the applicable standard as follows:

> In determining whether to issue a TRO or preliminary injunction, a court must balance the following factors:
>
>> (1) Whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial

---

[2]Plaintiff's brief in response to the motion for summary judgment by defendants Hall and Stone was docketed as a summary judgment motion.  (ECF No. 48).

> harm to others; or (4) whether the public interest would be served by issuance of the injunction.
>
> *Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). The factors are not prerequisites, but are factors that are to be balanced against each other. *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998) (citation omitted). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Layette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Winter v. Natural Res. Def. Council*, 505 U.S. 7 (2008). Additionally, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Learly v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Furthermore, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n. 3 (6th Cir. 1984).

(ECF No. 8, PageID.59).

On May 17, 2017, plaintiff filed his most recent motion for a TRO and preliminary injunctions. (ECF No. 47). Plaintiff's motion consists of a single page complaining that he had been charged with misconduct and placed in segregation. Plaintiff asks the Court to compel non-parties to release him from segregation and provide him with legal materials.

Plaintiff misperceives the purpose of a TRO or preliminary injunction. The purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016); *see also Southern Glazer's Distrib. of Ohio, LLC v. Great Lakes Brewing Co.*,

No. 16-4235, __ F.3d __, 2017 WL 2729083, at * 3 (6th Cir. June 26, 2017). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010). A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Plaintiff's motion is unrelated to any underlying claim pending in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *see also Betty v. Heyns*, No. 1:15-cv-445, 2017 WL 2579166, at * 2 (W.D. Mich. May 18, 2017).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims. Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. The papers that plaintiff has filed in this case and in Case No. 1:16-cv-1218 clearly establish that he maintains access to the Court. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its

prisons. I recommend that plaintiff's motion for a TRO and preliminary injunctions be denied.

## II.     Motion for Summary Judgment by Defendants Hall and Stone

### A.     Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence

of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1000 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof

faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

      B.    <u>Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies</u>

Defendants Hall and Stone have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the

prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a). The

procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

C. <u>Preliminary Matters</u>

---

[3] A copy of the policy directive is found in the record. *See* ECF No. 42-2, PageID.381-88.

Plaintiff filed a one-page document labeled as an "Affidavit of Truth" in response to defendants' motion for summary judgment. Plaintiff specifies that the statements in this "are true to the best of [his] information knowledge and belief." (ECF No. 48-1, PageID.429). This document does not satisfy the requirement for an affidavit or unsworn declaration under 28 U.S.C. § 1746. Affidavits and declarations filed in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Plaintiff's purported affidavit does not satisfy these foundational requirements. "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion" and here, the Court cannot discern what statements plaintiff made on personal knowledge and under penalty of perjury and those he made on mere information and belief.[4]  *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015); *Simons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at * 1 (W.D. Mich. Mar. 30, 2017). The "Affidavit of Truth" that plaintiff added to the end of his brief (ECF No. 48, PageID.425) is likewise deficient because it is based on mere information and belief.

---

[4] The purported verification of plaintiff's complaint also includes the "belief" restriction. (ECF No. 1 at PageID.9). Thus, it is not a verified complaint that could be considered as his affidavit in opposition to defendants' motion. *See, e.g., Brown v. City of Grand Rapids*, No. 1:13-cv-964, 2016 WL 4920144, at * 3 n.3 (W.D. Mich. June 13, 2016); *Naumovski v. Federal Nat'l Mort. Ass'n*, No. 15-11466, 2016 WL 949220, at * 2 (E.D. Mich. Mar. 14, 2016). Further, even assuming that the complaint was properly verified, it does not no contain any specific factual allegations related to the exhaustion of administrative remedies.

D.     Facts

The following facts are beyond genuine issue.  Plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) at all times relevant to his complaint.  On July 11, 2016, ECF's grievance coordinator received a grievance from plaintiff and assigned it grievance No. 2016-07-1984-17z.  The acts that plaintiff complained of in this grievance correspond to his First and Eighth Amendment claims that he is asserting against defendants Hall and Stone in this lawsuit. (ECF No. 48-1, PageID.460).  Plaintiff's grievance was denied at Step I. (*Id.* at PageID.461).  On July 18, 2016, plaintiff signed his appeal to Step II of the MDOC's grievance process. (*Id.* at PageID.463).

July 18, 2016, was also the date that plaintiff signed his complaint in this case and his application for leave to proceed *in forma pauperis*. (ECF No. 1 at PageID.9-10; ECF No. 2 at PageID.13).  On July 21, 2016, both of those documents were received by the Court. (ECF No. 1-2).  On July 22, 2016, the Court entered its order granting plaintiff leave to proceed in *forma pauperis* and requiring that he pay the filing fee in installments in accordance with the Prison Litigation Reform Act. (ECF No. 3).

E.     Discussion

1.     Eleventh Amendment Immunity

Plaintiff's claims for damages against defendants Hall and Stone in their official capacities are barred by Eleventh Amendment immunity.[5] The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants Hall and Stone are entitled to dismissal with prejudice of plaintiff's claims for monetary damages against them in their official capacities.

2.     Motions for Summary Judgment

Defendants Hall and Stone have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Plaintiff filed his complaint on July 18, 2016, the date that he

---

[5]Because it implicates important questions of federal court jurisdiction and federal-state comity, it is appropriate for the Court to raise the issue of Eleventh Amendment *sua sponte*. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (collecting cases).

signed his Step II appeal and long before he had exhausted his available administrative remedies. (*see* ECF No. 48-1, PageID.463-65).

Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered.*" Jones v. Bock*, 549 U.S. at 220. Plaintiff did not properly exhaust his claims against defendants Hall and Stone before he filed this lawsuit. I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of plaintiff's claims.

Plaintiff's argument that he did not "file" his complaint until November 18, 2016, the date the Court completed initial screening and entered the order for partial dismissal and partial service (ECF No. 48, PageID.424), is frivolous. It is well established that under the mailbox rule, a prisoner's complaint is deemed filed as of the date it is handed over to prison authorities for mailing,[6] which in the absence of contrary evidence is assumed to be the date the plaintiff signs his complaint. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *see also Richard v. Ray*, 290 F. App'x 810, 813 (6th Cir. 2002). Plaintiff's complaint was filed on the July 18, 2016, which also happens to be the date that he was beginning his appeal to Step II of the MDOC's grievance process. It is well established that a prisoner "cannot file a lawsuit first and then exhaust his administrative remedies after-the-fact." *Jackson v.*

---

[6]Even assuming that plaintiff had not been a prisoner, his *pro se* complaint would have been considered "filed" as of July 21, 2016, the date the Clerk's office received his complaint and his application for leave to proceed *in forma pauperis*, not "a later date when the IFP application [was] granted." *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004).

*Stoddard*, No. 1:13-cv-1297, 2016 WL 805503, at * 10 (W.D. Mich. Jan. 25, 2016) (collecting cases).

For the same reasons, I recommend that plaintiff's motion for summary judgment[7] (ECF No. 48) be denied.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motions (ECF No. 47, 48) be denied. I recommend that all plaintiff's claims for damages against defendants Hall and Stone in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that the motion for summary judgment by defendants Hall and Stone based on the affirmative defense provided by affirmative defense provided by 42 U.S.C. § 1997e(a) (ECF No. 41) be granted and that all plaintiff's remaining claims against those defendants in their individual capacities be dismissed without prejudice.

Dated:  July 20, 2017              /s/  Phillip J. Green
                                   United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver

---

[7]Dr. Crompton is seeking summary judgment on the merits. He is not seeking dismissal based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (ECF No. 60). The Court has granted plaintiff an extension of time to file his brief and evidence in response to Dr. Crompton's motion for summary judgment. Dr. Crompton's motion for summary judgment will be ready for decision on August 10, 2017.

of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).