UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLIN JENNINGS, II,

    Plaintiff,

v.

ROBERT CROMPTON,

    Defendant.

_____/

CASE NO. 1:16-CV-921

HON. ROBERT J. JONKER

## ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S REPORTS AND RECOMMENDATIONS

This is a Section 1983 civil rights action with a number of matters currently pending before the Court. The first is a Report and Recommendation by the Magistrate Judge that identifies a case that may be related, as defined by local rules, to the instant suit, and recommends the case be reassigned to the undersigned. The second is a separate Report and Recommendation that recommends granting Defendant Crompton's Motion for Summary Judgment on Plaintiff's Eighth Amendment claim, the sole claim remaining in this case. The third and fourth matters are a motion filed by Plaintiff entitled "Plaintiff's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure 56(a)" (ECF No. 96) and a letter request by Plaintiff docketed by the Clerk as a "MOTION for order directing the law library to make copies." (ECF No. 97). Plaintiff has filed an Objection to the two Reports and Recommendations, and Defendant has entered a Response. All matters are ripe for decision.

For reasons stated more fully below, the Court will reject the Magistrate Judge's recommendation to reassign the related case, but will overrule Plaintiff's Objection and adopt the Magistrate's recommendation to grant Defendant's Motion for Summary Judgment. The two pending motions from Plaintiff will also be denied. In the motions, Plaintiff restates and expands

1

upon his argument in opposition to Defendant's Motion for Summary Judgment, asks this Court to reconsider an earlier Order dismissing two Defendants from this action, and seeks an Order compelling the law library at the facility where Plaintiff is currently housed to make certain photocopies. All these arguments are without merit, and can be addressed in the discussion of the Magistrate's Reports and Recommendations.

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's Objections, Defendant's Reponses, and Plaintiff's Motions.

**DISCUSSION**

**1. The Magistrate's Report and Recommendation to Reassign Case**

The Magistrate Judge's first Report and Recommendation (ECF No. 92) recommends reassigning *Jennings v. Crompton*, No. 1:16-cv-1218 (W.D. Mich.), another matter in this district,

to the undersigned under local court rule. The matter is presently assigned to the Honorable Paul Maloney. W.D. Mich. L. Civ. R. 3.3.1(d)(iii)(A) provides that:

> Cases are deemed related when a filed case arises out of the same transaction or occurrence and involves one or more of the same parties as a pending suit . . .

and W.D. Mich. L. Civ. R. 3.3.1(d)(iii)(B) further states:

> . . . If cases are found to be related cases after assignment to different judges, they may be reassigned by the Chief Judge to the judge having the related case earlier filed.

Though Plaintiff does not have a discernable objection to this Report and Recommendation, the Court respectfully disagrees with the Magistrate Judge that the latter filed case should be reassigned to the undersigned. Plaintiff is an active litigant who has filed several cases (in addition to these two) in this district, all of which contain at least some allegation relating to Plaintiff's medical care buried within broader unrelated disputes.[1] Though this case and the latter action perhaps contain larger factual overlaps, the Court does not believe reassignment is necessary nor would it promote judicial economy. For one thing, the procedural history in both cases is well developed. Both Judge Maloney and the undersigned have made merit based decisions in the respective cases; discovery has been conducted, and motions for summary judgment are pending. Little efficiency will be gained by reassigning the case at this late hour. Moreover, the Magistrate Judge has already denied a motion to consolidate the two cases as needlessly delaying the resolution of both cases. (ECF No. 73). The same considerations weigh here. Accordingly, the Court rejects the Magistrate's first Report and Recommendation. The case of *Jennings v. Crompton*, No. 1:16-cv-1218 (W.D. Mich.) shall remain assigned to Judge Maloney.

---

[1] *See, e.g.*, *Jennings v. Karnitz, et al.*, No. 1:12-cv-175 (W.D. Mich); *Jennings v. Washington, et al.*, No. 16-cv-483 (W.D. Mich); *Jennings v. Bennett, et al.*, No. 1:17-cv-555 (W.D. Mich); *Jennings v. MacLaren, et al.*, No. 1:17-cv-564 (W.D. Mich).

### 2. The Magistrate's Report and Recommendation to Grant Defendant Crompton's Motion for Summary Judgment.

In the second Report and Recommendation, the Magistrate Judge recommends granting Defendant Crompton's Motion for Summary Judgment. (ECF No. 93). The Magistrate Judge reasons that judgment in Defendant's favor is warranted because Plaintiff has not presented evidence sufficient to support the requisite subjective component of an Eighth Amendment claim for deliberate indifference. After performing a de novo review, the Court finds that the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

Plaintiff, in his motion for summary judgment, first objects to the dismissal of Defendants Hall and Stone. (ECF No. 96, PageID.884-885). This objection actually relates to the Court's August 15, 2017, Order that dismissed those two defendants after Plaintiff failed to timely object to the Magistrate Judge's Report and Recommendation. (ECF No. 85). The Court treats this objection as a motion for reconsideration of the Court's earlier order and finds that Plaintiff fails to carry his burden of demonstrating that a motion for reconsideration should be granted. Rule 7.4 of the Western District of Michigan's Local Rules of Civil Procedure provides that in general, subject to the discretion of the Court, "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." *Id.* Plaintiff's request for reconsideration does not present new issues, demonstrate a palpable defect by which the Court and parties have been misled, or demonstrate a defect that necessitates a different disposition of the case. Plaintiff's request to reconsider the Court's August 15, 2017, Order dismissing Defendants Hall and Stone will be denied.

Plaintiff next objects to the Magistrate Judge's recommendation that Defendant Crompton's Motion for Summary Judgment be granted. Plaintiff objects because the Magistrate

did not discuss Plaintiff's current medical records. Plaintiff does not provide those records, but instead offers a description of what he contends the records contain. Plaintiff's subjective description of these records takes up the majority of his Objection (ECF No. 93, PageID.873-875) and a significant portion of his self-described Motion for Summary Judgment. (ECF No. 96, PageID.886). This objection is meritless and will be overruled.

Plaintiff's description of his medical records are inadmissible under the Federal Rules of Evidence. They are, first of all, subject to the hearsay rule because they are out of court statements offered to prove the truth of the matter asserted. "'As a general rule, hearsay is inadmissible in federal courts.'" *United States v. Rodriguez-Lopez,* 565 F.3d 312, 314 (6th Cir. 2009) (citing FED. R. EVID. 802). Second, Plaintiff's description of these documents is also subject to the Best Evidence Rule under Rule 1002, which provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." FED. R. EVID. 1002. Plaintiff avers that he has been unable to submit his medical records due to the malfeasance of prison officials who will not let Plaintiff purchase the records or make copies. (ECF No. 94, PageID.875). In a subsequent Motion, Plaintiff seeks an order directing the law library at the Oaks Correctional Facility to make copies and complete envelopes. Plaintiff's dissatisfaction with policies and practices of the MDOC or the Oaks Correctional Facility's law library is insufficient to overcome the requirements of Rules 802 and 1002. And the Court has no jurisdiction over the actions or inactions of non-defendant individuals responsible for the management of the law library. Accordingly, Plaintiff's motion for an order directing unnamed officials at the Oaks Correctional Facility's law library will be denied.

Even if the Plaintiff's medical current records were properly included in Plaintiff's Objection, he has not shown error in the Magistrate's analysis or demonstrated deliberate indifference on the part of Defendant Crompton. As Defendant Crompton correctly points out,

5

Plaintiff describes his medical condition in 2017. The events Plaintiff complains about, however, occurred between March and July 2016. (ECF No. 1, PageID.9). If the latter dated records have any relevance to the earlier period, Plaintiff has failed to make that connection. Furthermore, nothing in Plaintiff's description demonstrates that Defendant Crompton acted with the requisite subjective intent. The subjective component of the claim requires a showing that the defendant official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 824, 837 (1994). Courts "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake*, 537 F.2d at 860 n.5). "However, it is possible for medical treatment to be 'so woefully inadequate as to amount to no treatment at all.'" *Id.* (quoting *Westlake*, 537 F.2d at 860 n.5).

Plaintiff's claim falls into the line of unsuccessful cases where the claim is based on inadequate medical treatment. This Court will not second guess the medical judgment of Plaintiff's healthcare providers. Moreover, Plaintiff's own description of his treatment thus far belies any contention that his treatment has been "woefully inadequate as to amount to no treatment at all." *Alspaugh*, 643 F.3d at 169. Plaintiff's Objection and subsequent filings reveal that Plaintiff is continuing to receive more than adequate attention, albeit not the drugs that Plaintiff may prefer. Plaintiff's disagreement with his doctor's treatment decisions are insufficient on this record to amount to a constitutional violation. Accordingly, viewed in the light most favorable to the non-moving party, Plaintiff has not shown Defendant Crompton was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Objection (ECF No. 94) is **OVERRULED.**

**IT IS FURTHER ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 92) regarding the reassignment of *Jennings v. Crompton*, No. 1:16-cv-1218 (W.D. Mich.) is **REJECTED.** The case shall remain assigned to the Honorable Paul Maloney;

2. The Report and Recommendation of the Magistrate Judge (ECF No. 93) regarding Defendant Crompton's Motion for Summary Judgment is **APPROVED AND ADOPTED** as the Opinion of the Court;

3. Plaintiff's Motion for Summary Judgment and Motion for Order (ECF Nos. 96; 97) are **DENIED;**

4. Defendant Crompton's Motion for Summary Judgment (ECF No. 60) is **GRANTED.** This case is **DISMISSED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated:   January 3, 2018             /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE